IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PARRIN SHANTA HAYES,<br>    Petitioner, | § § § | |
| V. | § | A-18-CV-00618-LY |
| | § | |
| LORIE DAVIS,<br>    Respondent. | § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates. Petitioner, Parrin Hayes, is pro se in this matter and proceeds *in forma pauperis*. Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) and his memorandum in support of his petition (ECF No. 1-1), and Respondent's Answer (ECF No. 6). For the reasons set forth below, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus be **denied**.

## STATEMENT OF THE CASE

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th District Court of Travis County, Texas. A jury found Hayes guilty of possession with intent to deliver cocaine in a drug-free zone and the trial court assessed punishment at a term of 30 years' imprisonment. In this habeas action Petitioner asserts the trial court improperly admitted evidence and he was denied the effective assistance of counsel.

**A. Background**

The Sixth Court of Appeals summarized the facts of Petitioner's case as follows:

> An Austin police officer arrested Parrin Hayes after witnessing him selling crack cocaine out of a cigarette pack outside of the Austin Resource Center for the Homeless. At his trial, Christopher Kiyak, a senior forensic scientist with the Austin Police Department (APD), confirmed that the substance retrieved from the cigarette pack was cocaine and that it weighted 1.98 grams. A jury convicted Hayes for possessing, with intent to deliver, more than one, but less than four, grams of cocaine in a drug-free zone. (The officer testified that the center for the homeless was approximately 570 feet from St. David's Episcopal Day School.) After Hayes pled true to two of the State's enhancement allegations, the trial court sentenced him to thirty years' imprisonment.

*Hayes v. State*, No. 06-15-00164-CR, 2016 WL 6504015, at *1 & n.2 (Tex. App.– Texarkana 2016, pet. ref'd).

Petitioner appealed his conviction, arguing the trial court abused its discretion by denying his request for funds to hire an independent expert to retest the "alleged controlled substance." *Id.* at *1. He also asserted the trial court erred by denying "a jury instruction requiring the jury to attribute a mens rea to the drug-free-zone allegation," and by limiting defense counsel's ability to argue in closing that the State had not proved Petitioner knew he was in a drug-free zone. *Id.* The appellate court overruled his claims and affirmed the trial court's judgment. *Id.* at *4.

Petitioner sought a state writ of habeas corpus, arguing he was denied the effective assistance of counsel. (ECF No. 7-31 at 30, 32, 34). The Court of Criminal Appeals denied the application without written order. (ECF No. 7-26).

**B. Petitioner's Grounds for Relief**

In his federal habeas petition Petitioner alleges he was denied the effective assistance of counsel because counsel: (1) failed to suppress all the evidence when the police lost the cigarette

pack that held the crack cocaine; and (2) failed to investigate if he was in a drug-free zone when committing the offense.

### C. Exhaustion of State Court Remedies

Respondent allows Petitioner's petition is timely and not successive, and that his federal habeas claims were properly exhausted in the state courts. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## ANALYSIS

### A. The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court summarized the basic principles established by the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") in *Harrington v. Richter*, 562 U.S. 86, 97-100 (2011). Section 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the state court's decision "was contrary to" federal law as clearly established by the holdings of the Supreme Court; (2) when the state court's decision involved an "unreasonable application" of such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 100 (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). Under the unreasonable application clause of § 2254(d), a federal court may grant the writ if the state court

identifies the correct governing legal principle from the Supreme Court's decisions, "but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (quotation marks and citation omitted). Where, as here, the state-court's denial of a petitioner's claims is unexplained, a federal habeas court reviews the state court's "ultimate decision" for reasonableness. *Floyd v. Vannoy*, 894 F.3d 143, 161 (5th Cir. 2018), *petition for cert. filed,* (Sep. 20, 2018) (No. 18-380). The federal habeas court "must hypothesize the reasons that supported, or could have supported, the denial consistent with Supreme Court precedent. The decision is an 'unreasonable application' under 28 U.S.C. § 2254(d) only if, after this hypothetical inquiry, we determine there was no reasonable basis for it." *Id.* (internal citations omitted).

**B. The *Strickland* Standard**

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on an ineffective assistance of counsel claim, the petitioner must establish counsel's performance was deficient and the deficient performance prejudiced the defense. *Id.* at 687. A habeas petitioner has the burden to prove both prongs of the *Strickland* test. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009); *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008). Unless the petitioner demonstrates both deficient performance and prejudice it "cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

When deciding whether counsel's performance was deficient, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." *Id.* at 688-89. Federal habeas courts presume that counsel's choice of trial strategy is objectively reasonable unless clearly proven otherwise. *Id.* at 689. Counsel's strategic choices, made after a thorough investigation of the law and facts relevant to plausible options, are virtually unchallengeable. *Id.* at 673; *Pape v. Thaler*, 645 F.3d 281, 289-90 (5th Cir. 2011). Additionally, the reasonableness of counsel's actions is weighed in light of the defendant's own statements and actions. *Strickland*, 466 U.S. at 691. When considering a state court's application of *Strickland*, the Court's review must be "doubly deferential," to afford "both the state court and the defense attorney the benefit of the doubt." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (citing *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003)).

**C. Merits**

**1. Ineffective assistance of counsel - motion to suppress**

Petitioner contends his counsel was ineffective for failing to file a motion to suppress evidence because the police "lost" the cigarette pack containing the cocaine. (ECF No. 1 at 6; ECF No. 1-1 at 2-3). Petitioner argues the evidence of the cocaine was not reliable because the cigarette box containing the cocaine was not entered into evidence. (*Id.*)

Trial counsel's performance was not deficient because counsel did seek to suppress evidence. Prior to trial Petitioner's counsel filed an unsuccessful motion to suppress the physical evidence, arguing Petitioner's detention was without reasonable suspicion and his warrantless arrest was without probable cause. (ECF No. 7-12 at 15-16). Additionally, counsel thoroughly cross-examined Officer Reed, who retrieved the cigarette pack containing the cocaine from the scene of the crime, regarding the officer's obligation to maintain evidence and his handling of the evidence. (ECF No. 7-19 at 135-36). Trial counsel got the officer to admit the "proper procedure" would have been to

5

enter the cigarette pack into evidence. (ECF No. 7-19 at 137). Counsel then moved for dismissal of the charge pursuant to *Arizona v. Youngblood*, arguing "APD has shown bad faith in that they have destroyed relevant evidence. I believe that that calls for a dismissal of these charges based upon that." (ECF No. 7-19 at 138-39). The court denied the motion. (ECF No. 7-19 at 139). In closing argument, trial counsel argued that the State had an "obligation to preserve" and fingerprint the cigarette pack to prove that Petitioner "exercised control over it." (ECF No. 7-20 at 25).

Petitioner's trial counsel utilized a reasonable trial strategy with regard to challenging the sufficiency of the evidence, including highlighting for the jury law enforcement's failure to fingerprint the cigarette pack to prove Petitioner's possession of the cocaine. Accordingly, the Court of Criminal Appeals could reasonable conclude counsel's performance was not deficient. Additionally, because the trial court denied both the pretrial motion to suppress and the *Youngblood* motion, Petitioner is unable to establish that an additional or alternative motion to suppress would have been granted and, accordingly, he has not shown he was prejudiced by counsel's alleged error. Therefore, the state court's denial of this claim was not an unreasonable application of *Strickland*.

**2. Ineffective assistance of counsel - failure to investigate**

Petitioner argues counsel was ineffective for failing to investigate and obtain a map to determine if he was actually in a drug-free zone when he committed the offense. (ECF No. 1 at 6; ECF No. 1-1 at 4).

A police officer testified at trial that the Austin Resource Center for the Homeless where Petitioner was selling crack cocaine was approximately 570 feet from St. David's Episcopal Day School. (ECF No. 7-19 at 106). After a voir dire examination by defense counsel, the trial court permitted the officer to testify regarding the distance because the officer had verified this fact using

6

Google Earth. (ECF No. 7-19 at 103-05). In closing argument counsel argued Petitioner did not know he was in a drug-free zone, although the prosecution objected because such knowledge is not an element of the alleged crime. (ECF No. 7-20 at 28-29).

The record in this matter indicates that counsel investigated this element of the charge and counsel had a reasonable strategy for challenging the evidence of this element of the alleged crime. Petitioner's counsel objected to the admission of the officer's testimony regarding the distance between the homeless center and the school. (ECF No. 7-19 at 103). Accordingly, counsel's performance was not deficient. Additionally, because there is no dispute that the scene of the crime was within 1000 feet of a school and that the defendant's knowledge of this fact is not an element of the crime, *see White v. State*, 509 S.W.3d 307, 315 (Tex. Crim. App. 2017); *Bridges v. State*, 454 S.W.3d 87, 89 (Tex. App.–Amarillo 2014, pet. ref'd), Petitioner is unable to establish counsel's alleged error was prejudicial, i.e., that but for counsel's error the result of the proceeding would be different. Accordingly, the state court's denial of this claim was not an unreasonable application of *Strickland*.

## CONCLUSION

Petitioner has not established that his counsel's performance was deficient or that he was prejudiced by counsel's alleged errors.

## RECOMMENDATION

It is, therefore, recommended that Petitioner's Application for Writ of Habeas Corpus (ECF No. 1) be **DENIED**.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

In this case, reasonable jurists could not debate the denial of the section 2254 petition, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985).

**SIGNED** on October 18, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE